1  **NICHOLAS & TOMASEVIC, LLP**
    Craig M. Nicholas (SBN 178444)
2      Alex Tomasevic (SBN 245598)
    David G. Greco (SBN 299635)
3  225 Broadway, 19th Floor
San Diego, California 92101
4  Telephone:  (619) 325-0492
Facsimile:   (619) 325-0496
5  Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
6  Email: dgreco@nicholaslaw.org

7  **LAGUARDIA LAW**
    Eric A. LaGuardia (SBN 272791)
8  402 West Broadway, Suite 800
San Diego, California 92101
9  Tel: (619) 655-4322
Fax: (619) 655-4344
10  Email: eal@laguardialaw.com

11  Attorneys for Plaintiff
**JOSEPH BRUNGARD**

12

13            **UNITED STATES DISTRICT COURT**

14  **NORTHERN DISTRICT OF CALIFORNIA – ALAMEDA DIVISION**

| | |
|---|---|
| 15  JOSEPH BRUNGARD, individually and behalf of others similarly situated; | Case No.: |
| 16 | |
| 17           Plaintiff, vs. | **CLASS ACTION COMPLAINT FOR:** |
| 18 | **(1) Unfair Business Practices, California Business & Professions Code §§ 17200, *et seq.*;** |
| 19  GHIRARDELLI CHOCOLATE COMPANY, a California corporation; and DOES 1 through 100, inclusive, | **(2) Violations of the California Consumers Legal Remedies Act, Civil Code § 1750, *et seq.*;** |
| 20 | |
| 21           Defendants. | **(3) Unjust Enrichment;** |
| 22 | **(4) Violations of the Consumer Fraud Laws of the Various States;** |
| 23 | **(5) Negligent Misrepresentation;** |
| 24 | **(6) Intentional Misrepresentation;** |
| 25 | **(7) Violation of the California False Advertising Law, California Business & Professions Code §§ 17500, *et seq.*; and** |
| 26 | |
| 27 | **(8) Fraud** |
| 28 | **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.     "Life is like a box of chocolates. You never know what you're gonna get." *See* Forrest Gump, dir. Robert Zemeckis (Paramount Pictures, 1994; DVD, Paramount, 2001).

2.     With Ghirardelli, this could not be truer. It markets bags of its individually-wrapped, uniformly-shaped, single-serving chocolates to consumers, and claims that each bag contains a certain number of chocolates, but those bags contain less squares than advertised.

3.     Ghirardelli enjoys revenues of up to $500 million annually—likely in part from the money it saves by omitting chocolates from its packages.

4.     Plaintiff Joseph Brungard, on behalf of himself and other similarly situated, brings this action against Defendants Ghirardelli Chocolate Company, a California corporation, and DOES 1 to 100, ("Defendants"), and alleges on information and belief as follows:

## PARTIES

5.     Plaintiff Joseph Brungard is, and at all relevant times was, an individual residing in the County of San Diego, California. He is an aggrieved customer of Defendant.

6.     Ghirardelli Chocolate Company, is, and at all relevant times was, a California Corporation doing business in the State of California. It is headquartered in San Leandro, California.

7.     The true names and capacities—whether individual, corporate, associate, or otherwise—of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated as a DOE is responsible in some manner for the events alleged, and caused injury and damages to Plaintiff as alleged.

CLASS ACTION COMPLAINT

8.      Each reference in this Complaint to "Defendant," "Defendants," or a specifically named Defendant refers also to Defendants sued under fictitious names.

9.      At all times herein mentioned, each of the Defendants were the agents and employees of each of the remaining Defendants and, in doing the things alleged, was at all times acting within the purpose, course, and scope of said agency or employment with the knowledge, consent, permission, and subsequent ratification of each of the other Defendants.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over Plaintiff's claims pursuant to United States Code, title 28, section 1343(4), because these claims seek redress on behalf of a nationwide class, some members of which are citizens of a state other than California. On information and belief, Plaintiff alleges that the amount in controversy exceeds $5 million.

11.     This Court has jurisdiction over Defendant because it conducts substantial business in California and is headquartered in San Leandro. Defendant intentionally availed itself to the laws and markets of California through operation of its business in California and San Leandro.

12.     Venue is proper in the Northern District of California pursuant to United States Code, title 28, sections 1391(b)(1), (b)(2), (b)(3), and (c). A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial District. Defendant is headquartered in this District.

## GENERAL ALLEGATIONS

13.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

14.     Defendant manufactures various flavors of uniformly-shaped, individually-wrapped, single-serving chocolate squares. It sells these chocolate squares in packs containing multiples of the same flavor and in packs containing a variety of flavors. The flavors include, but are not limited to, dark chocolate spicy

caramel, milk chocolate caramel, dark chocolate caramel, dark chocolate mint, dark chocolate sea salt, dark chocolate raspberry, milk chocolate, intense dark chocolate sea salt roasted almond, intense dark 60% cacao, intense dark chocolate 86% cacao, intense dark chocolate 72% cacao, and milk chocolate caramel. These flavors are used only as examples and are not intended to limit the scope of this action only to those flavors, should Plaintiff discover that Defendant commits the same violations with other flavors.

15.     Defendant sells these uniformly-shaped, individually-wrapped, single-serving chocolate squares, in various counts, including but not limited to a ten-count bag, a seventeen-count bag, and a forty-count bag. Defendant's packaging lists, on its exterior, the number of individually-wrapped single-servings of chocolate squares it claims are contained in the package. Defendant sells these bags of chocolate squares nationwide, including in California. (Hereinafter, these may be referred to as the "Class Chocolates.")

16.   Plaintiff has been purchasing various packages of the same Class Chocolates for a period of years.

17.   After purchasing packages of these chocolate squares many times over several years, Plaintiff noticed there was repeatedly one less individually-wrapped square in the packages he purchased and he began taking note.

18.     After noticing this shortage of one individually-wrapped, single-serving size square on multiple occasions over several purchases, on or about June 29, 2017, Plaintiff called the Ghirardelli Corporate office in San Leandro, California. Plaintiff notified the Ghirardelli representative with whom he spoke that there is a packaging issue he discovered with one of their products—the count of the individually-wrapped Ghirardelli Chocolate Squares was repeatedly short one square from the number stated on the package.

19. Plaintiff described the packaging to the Ghirardelli representative and explained that the packages each list the contents as containing a certain number of individually-wrapped, single-serving Chocolate Squares, respectively, and that several of the packages were each short by one Chocolate Square.

20. Plaintiff was placed on a brief hold and the representative came back on the line and advised him that the package contents are not based on the printed servings per container on each package, but is based on weight and therefore there was no issue with the packaging as he described.

21. Plaintiff informed the representative that her explanation made no sense to him and did not account for the fact that the number of squares per container listed on each package repeatedly differs, and is short by one individually-wrapped square, from the number inside the package.

22. The representative took Plaintiff's name and telephone number for a manager to contact him regarding the short count of these chocolate squares occurring several times over several purchases and over a lengthy period of time, but Plaintiff never received a call back.

23. Plaintiff was unaware that Defendant had misrepresented the number of chocolates in each bag of chocolate squares. Based on Defendant's misrepresentations, Plaintiff purchased multiple packages of Defendant's chocolate squares, only to discover that the true count repeatedly differed and was one chocolate square short of the number stated on the exterior of the package. Plaintiff would not have made his purchase but for these misrepresentations.

24. On information and belief, Plaintiff alleges that Defendant regularly underfills its chocolate square packages and sells those underfilled packages nationwide.

## CLASS ALLEGATIONS

25.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

26.     Plaintiff brings this action on behalf of himself and all other similarly situated persons as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3). This action is also consistent with California Code of Civil Procedure section 382.

27.     **CLASS PERIOD.** The Class Period shall be defined as from four years preceding the date this action is filed to a date the court deems appropriate.

28.     **NATIONWIDE CLASS.** The Nationwide Class is defined as:

> *All persons who, while in the United States, during the Class Period, purchased the Class Chocolates manufactured by Defendant.*

29.     **CALIFORNIA CLASS.** The California Class is a sub-class of the Nationwide Class, and it is defined as:

> *All persons who, while in California, during the Class Period, purchased the Class Chocolates manufactured by Defendant.*

30.     Both classes will be collectively referred to as the "Classes." Members of both classes will be referred to as Class Members. The Classes do not include (1) Defendants, their officers, and/or their directors; or (2) the Judge to whom this case is assigned; or (3) the Judge's staff.

31.     Plaintiff reserves the right to amend the above classes and to add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability. This action has been brought and may be properly maintained as a class action under the provisions California Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

32.     **NUMEROSITY:** The potential members of the Classes as defined are so numerous that joinder of all the members is impracticable. While the precise number

of class members has not been determined, Plaintiff is informed and believes that Defendants have access to data sufficient to identify the members of the Classes.

33. Plaintiff is informed, believes, and on that basis alleges that Defendants' records would provide information as to the number and location of all or a large portion of the class members.

34. **ADEQUACY OF REPRESENTATION:** The named Plaintiff is fully prepared to take all necessary steps to fairly and adequately represent the interests of the classes defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Classes and individual Plaintiff. Plaintiff's attorneys are highly experienced in consumer class action litigation. Plaintiff intends to prosecute this action vigorously.

35. **COMMON QUESTIONS OF LAW AND FACT:** There are predominant common questions and answers of law and fact and a community of interest amongst Plaintiff's and the claims of the Classes concerning:

a. Whether Defendant misrepresented the number of chocolates in the packages of Class Chocolates;

b. Whether Defendant violated California Business and Professions Code § 17200, *et seq.*;

c. Whether Defendant violated the California Consumer Legal Remedies Act;

d. Whether Defendant violated the consumer protection laws of the various states;

e. Whether Defendant is liable for unjust enrichment;

f. Whether Defendant negligently misrepresented its products;

g. Whether Defendant intentionally misrepresented its products;

h. Whether Defendant violated the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; and

i. Whether Defendant committed fraud.

36. **TYPICALITY:** The claims of the Plaintiff are typical of the claims of all members of the Classes because Defendants regularly mispacked and mislabeled the ten- and seventeen-count bags of chocolates.

37. **SUPERIORITY OF A CLASS ACTION:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Classes predominate over questions affecting only individual Class members. Each Class member has been damaged and is entitled to recovery due to Defendants' conduct described in this Complaint. A class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judiciary. Plaintiff is unaware of any difficulties likely to be encountered in this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
UNFAIR BUSINESS PRACTICES,
CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.*
AGAINST ALL DEFENDANTS, ON BEHALF OF PLAINTIFF,
THE NATIONWIDE CLASS, & THE CALIFORNIA CLASS

38. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

39. Plaintiff brings this action on behalf of himself and both Classes. *See Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012). California law applies to all persons in both classes because the illegal behavior alleged herein—mislabeling and underfilling the Class Chocolates—takes place predominately or exclusively in California. All of the illegal behavior emanates out of California and therefore California law applies to all sales occurring nationally with respect to the Class Chocolates.

40. Business & Professions Code section 17200 prohibits any "unlawful, unfair, or fraudulent business act or practice. . . ." Defendants violated this Code by engaging in the conduct described above.

41. Plaintiff and the Classes reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

42. Plaintiff and the Classes have suffered injury in fact as a direct result of Defendants' failures, as described in the preceding paragraphs and as will be detailed through discovery. As such, Plaintiff and the California Class request damages in an amount to be proven at trial.

43. Pursuant to Business & Professions Code section 17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of unlawful, unfair and fraudulent business practices.

44. Plaintiff and the Classes seek restitution for all funds wrongfully acquired through the acts described above.

45. Additionally, as authorized by Code of Civil Procedure 1021.5, Plaintiff on behalf of himself and the Classes seeks attorneys' fees in connection with this litigation, which occurs to further a public good and protect the general California citizenry.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE CALIFORNIA CONSUMERS**
**LEGAL REMEDIES ACT, CIVIL CODE §1750, *ET SEQ*.,**
**AGAINST ALL DEFENDANTS, ON BEHALF OF PLAINTIFF,**
**THE NATIONWIDE CLASS, AND THE CALIFORNIA CLASS**

46. Plaintiff re-incorporates by reference all preceding paragraphs.

47. Plaintiff brings this action on behalf of himself and both Classes. *See Mazza*, 666 F.3d 581. California law applies to all persons in both classes because the illegal behavior alleged herein—mislabeling and underfilling the Class Chocolates—takes place predominately or exclusively in California.

48.    This cause of action is brought pursuant to the Consumers Legal Remedies Act, Civil Code, Section 1750, et seq. (the "Act"). Plaintiff is a consumer as defined by Civil Code, Section 1761(d). The ten and seventeen count chocolate bags are "goods" within the meaning of the Act.

49.    Defendants violated and continue to violate the Act by engaging in practices proscribed by Section 1770(a), including but not limited to:

   a.    Misrepresenting the quality of their bags of uniformly-shaped, individually-wrapped, single-serving chocolates in violation of Civil Code section 1770(a)(7); and

   b.    Misrepresenting the actual number of uniformly-shaped, individually-wrapped, single-serving chocolates inside their bags of chocolates in violation of Civil Code section 1770(a)(7).

50.    Defendants violated the Act by making the representations and claims for its products as described above when it knew, or should have known, that the representations and advertisements were unsubstantiated, false, and misleading.

51.    Pursuant to Section 1782 of the Act, Plaintiff notified Defendants in writing by certified mail of the violations of Section 1770 of the Act and demanded that Defendants rectify the problems associated with the actions detailed above and to give notice to all affected consumers of its intent to so act. A copy of the letter, dated October 12, 2017, is attached as **Exhibit A**.

52.    Pursuant to Section 1780(d) of the Act, attached hereto as **Exhibit B** is the affidavit showing that this action has been commenced in the proper forum.

53.    Pursuant to Section 1782(d) of the Act, Plaintiff and the Classes seek a Court order enjoining the above-described wrongful acts and practices.

54.    Plaintiff has incurred attorneys' fees and costs in connection with the investigation and filing of this complaint and anticipates incurring additional attorneys' fees and costs in connection with the prosecution of this action. An award

1  of attorneys' fees is, therefore, appropriate pursuant to, among other grounds,

2  California Civil Code, Section 1780(d).

3     55.    Plaintiff has suffered and will continue to suffer damages because of

4  the violations discussed herein. The time for Defendant to respond to the letter

5  referred to in the preceding paragraphs has not yet passed. When it does, Plaintiff

6  will amend this complaint to seek, on behalf of himself and the Classes,

7  compensatory, punitive, and all other available damages.

8     56.    In all, the injuries suffered by Plaintiff and/or members of the Class as

9  a direct result of Defendant's acts include:

10       a.    Purchases made in reliance on the false representations

11  made by Defendant; and

12       b.    Money spent, that would otherwise not have been spent,

13  had Plaintiff and the California Class known of the actual quality and quantity

14  of the goods they were purchasing.

### THIRD CAUSE OF ACTION
#### UNJUST ENRICHMENT
AGAINST ALL DEFENDANTS, ON BEHALF OF PLAINTIFF,
THE NATIONWIDE CLASS, AND THE CALIFORNIA CLASS

18     57.    Plaintiff re-incorporates by reference all preceding paragraphs.

19     58.    Plaintiff brings this action on behalf of himself and both Classes. *See*

20  *Mazza*, 666 F.3d 581. California law applies to all persons in both classes because

21  the illegal behavior alleged herein—mislabeling and underfilling the Class

22  Chocolates—takes place predominately or exclusively in California.  Because the

23  misconduct emanates out of California, California law applies to the national sale of

24  Class Chocolates.

25     59.    "The unjust enrichment claim can be made from common class wide

26  proof." *Westways World Travel, Inc. v. AMR Corp.,* 218 F.R.D. 223, 239 (C.D. Cal.

27  2003) (certifying a nationwide class where plaintiffs alleged defendants were

28  unjustly enriched through a common scheme.). "Although there are numerous

permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences. In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched. At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff. The focus of the inquiry is the same in each state." *In re Mercedes-Benz Tele Aid Contract Litig.,* 257 F.R.D. 46, 58 (D.N.J. Apr. 24, 2009), quoting *Powers v. Lycoming Engines,* 245 F.R.D. 226, 231 (E.D. Pa. 2007).

60.    Plaintiff and the Classes conferred a benefit on Defendant by purchasing the bags of uniform-shaped, individually-wrapped, single-serving chocolate squares.

61.    Defendant has been unjustly enriched in retaining the revenues derived from the Classes' purchases of the uniform-shaped, individually-wrapped, single-serving chocolate squares. The retention of that benefit would be unjust because Defendant misrepresented the actual count of the chocolate squares in each package.

62.    Plaintiff and the Classes were injured as a direct and proximate result of Defendant's misrepresentations because they would not have purchased the bags of uniform-shaped, individually-wrapped, single-serving chocolate squares if the true facts had been known. Because Defendant's retention of the non-gratuitous benefit conferred on it by Plaintiff and Classes is unjust and inequitable, Defendant must pay restitution to Plaintiffs and the Classes for their unjust enrichment, as ordered by the Court.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE CONSUMER FRAUD**
**LAWS OF THE VARIOUS STATES**
**AGAINST ALL DEFENDANTS, ON BEHALF OF PLAINTIFF,**
**THE NATIONWIDE CLASS, AND THE CALIFORNIA CLASS**

63.    Plaintiff re-incorporates by reference all preceding paragraphs.

64.     Plaintiff brings this action on behalf of himself and both Classes. *See Mazza*, 666 F.3d 581. California law applies to all persons in both classes because the illegal behavior alleged herein—mislabeling and underfilling the Class Chocolates—takes place predominately or exclusively in California.

65.     By falsely and misleadingly labeling the number of uniform-shaped, individually-wrapped, single-serving chocolate squares in each bag, Defendant has engaged in unfair competition or unlawful, unfair, misleading, unconscionable, or deceptive acts in violation of the state consumer statutes listed below.

66.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of ALA. CODE § 8-19-1, *et seq.*

67.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of ALASKA STAT. CODE § 45.50.471, *et seq.*

68.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of ARIZ. REV. STAT. § 44-1522, *et seq.*

69.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of ARK. CODE ANN. § 4-88-107, *et seq.*

70.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices or have made false representations in violation of COLO. REV. STAT. § 6-1-101, *et seq.*

71.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of CONN. GEN. STAT § 42-110b, *et seq.*

72.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of DEL. CODE ANN. tit. 6, § 2511, *et seq.*

73.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of D.C. CODE ANN. § 28-3901, *et seq.*

74.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of FLA. STAT. ANN. § 501.201, *et seq.*

75.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of GA. CODE ANN. §10-1-392, *et seq.*

76.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of HAW. REV. STAT. § 480, *et seq.*

77.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of IDAHO CODE § 48-601, *et seq.*

78.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILL. COMP. STAT. 505/1, *et seq.*

79.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of IND. CODE ANN. § 24-5-0.5-1, *et seq.*

80.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of IOWA CODE § 714.16, *et seq.*

81.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of KAN. STAT. § 50-623, *et seq.*

82.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of KY. REV. STAT. ANN. § 367.110, *et seq.*

83.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of LA. REV. STAT. § 51:1404, *et seq.*

84.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of ME. REV. STAT. tit. 5, § 205-A, *et seq.*

85.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MD. CODE. ANN., COM. LAW § 13-101, *et seq.*

86.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation MASS. GEN LAWS ch. 93A, § 1, *et seq.*

87.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MICH. COMP. LAWS § 445.901, *et seq.*

88.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MINN. STAT. § 8.31, *et seq.*

89.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MISS. CODE ANN. § 75-24-3, *et seq.*

90.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MO. REV. STAT. § 407.010, *et seq.*

91.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of MONT. CODE ANN. § 30-14-101, *et seq.*

92.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of NEB. REV. STAT. § 59-1601, *et seq.*

93.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of NEV. REV. STAT. 598.0903, *et seq.*

94.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. REV. STAT. ANN. § 358-A:1, *et seq.*

95.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. STAT. ANN. § 57-12-1, *et seq.*

96.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J.S.A. § 56:8-1, *et seq.*

97.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. GEN. STAT. § 75-1.1, *et seq.*

98.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. CENT. CODE § 51-15-01, *et seq.*

99.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. GBL § 349, *et seq.* and § 350, *et seq.*

100.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of the OHIO REV. CODE ANN. § 1345.01, *et seq.* and OHIO REV. CODE ANN. § 4165.01, *et seq.*

101.     Defendant has engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of OKLA. STAT. tit. 15, § 751, *et seq.*

102.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of OR. REV. STAT. § 646.605, *et seq.*

103.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 PA. CONS. STAT. § 201-1, *et seq.*

104.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. GEN. LAWS § 6-13.1-1, *et seq.*

105.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. CODE § 39-5-10, *et seq.*

106.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. CODIFIED LAWS § 37-24-1, *et seq.*

107.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of TENN. CODE ANN. § 47-18-101, *et seq.*

108.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of TEX. BUS. & COM. CODE ANN. § 17.41, *et seq.*

109.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of UTAH CODE. ANN. § 13-11-1, *et seq.*

110.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of VT. STAT. ANN. tit. 9, § 2451, *et seq.*

111.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of VA. CODE ANN. § 59.1-196, *et seq.*

112.   Defendant has engaged in unfair competition or unfair, deceptive or fraudulent acts or practices in violation of WASH. REV. CODE§ 19.86.010, *et seq.*

113.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of W. VA. CODE § 46A-6-IOI, *et seq.*

114.   Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of WIS. STAT.§ 100.18, *et seq.*

115.    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of WYO. STAT. ANN. § 40-12-101, *et seq.*

116.    The acts, practices, and misrepresentations by Defendant described above, and Defendant's dissemination of deceptive and misleading advertising and marketing materials in connection therewith, occurring in the course of conduct involving trade or commerce, constitute unfair methods of competition and unfair or deceptive acts or practices within the meaning of each of the above-enumerated statutes, because each of these statutes generally prohibit deceptive conduct in consumer transactions. Defendant violated each of these statutes by making false and misleading statements.

117.    Plaintiff and the class members were injured as a direct and proximate result of Defendant's breach because they would not have purchased the chocolates if the true facts had been known.

**FIFTH CAUSE OF ACTION**
NEGLIGENT MISREPRESENTATION
AGAINST ALL DEFENDANTS, ON BEHALF OF PLAINTIFF,
THE NATIONWIDE CLASS, AND THE CALIFORNIA CLASS

118.    Plaintiff re-incorporates by reference all preceding paragraphs.

119.    Plaintiff brings this action on behalf of himself and both Classes. *See Mazza*, 666 F.3d 581. California law applies to all persons in both classes because the illegal behavior alleged herein—mislabeling and underfilling the Class Chocolates—takes place predominately or exclusively in California.

120.    Defendant misrepresented the accurate number of individually wrapped, uniformly-shaped chocolate squares it adds to each of its bags.

121.    Defendant had no reasonable grounds to believe that these misrepresentations were true. Despite that it had no reasonable grounds to believe these misrepresentations were true, Defendant continued to make the representations, inducing consumers, including Plaintiff, to purchase the incorrectly labeled products.

122.   Plaintiff and the Nationwide Class relied on the misrepresentations that Defendant made, to their detriment. Had Plaintiff and the Class Members known Defendant's misrepresentations were untrue, they would not have purchased the products. Plaintiff and the Class Members' reliance was justified because they reasonably believed Defendant had accurately labeled its products.

123.   Plaintiff and the Classes were actually and proximately damaged by the misrepresentations made by Defendant.

**SIXTH CAUSE OF ACTION**
INTENTIONAL MISREPRESENTATION
AGAINST ALL DEFENDANTS, ON BEHALF OF PLAINTIFF,
THE NATIONWIDE CLASS, AND THE CALIFORNIA CLASS

124.   Plaintiff re-incorporates by reference all preceding paragraphs.

125.   Plaintiff brings this action on behalf of himself and both Classes. *See Mazza*, 666 F.3d 581. California law applies to all persons in both classes because the illegal behavior alleged herein—mislabeling and underfilling the Class Chocolates—takes place predominately or exclusively in California.

126.   Defendant intentionally misrepresented the accurate number of individually wrapped, uniformly-shaped chocolate squares it adds to each of its bags.

127.   Defendant induced consumers, including Plaintiff, to purchase the incorrectly labeled products. It did so with the intent of financially benefitting from its misrepresentations, reducing the number of individually wrapped, uniformly-shaped chocolate squares it placed in each bag, and charging consumers for the number printed on the exterior of the bag even though the number is inaccurate.

128.   Defendant damaged Plaintiff and the Classes by making these representations.

**SEVENTH CAUSE OF ACTION**
VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW
CAL. BUS. & PROF. CODE § 17500, *ET SEQ.*
ON BEHALF OF PLAINTIFF, THE NATIONWIDE CLASS
AND THE CALIFORNIA CLASS

129.   Plaintiff re-incorporates by reference all preceding paragraphs.

130.   Plaintiff brings this action on behalf of himself and both Classes. *See Mazza*, 666 F.3d 581. California law applies to all persons in both classes because the illegal behavior alleged herein—mislabeling and underfilling the Class Chocolates—takes place predominately or exclusively in California.

131.   California Business and Professions Code section 17500 states: "It is unlawful for any…corporation…with intent directly or indirectly to dispose of real or personal property…to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated…from this state before the public in any state, in any newspaper or other publication, or any advertising device,…or in any other manner or means whatever, including over the Internet, any statement…which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

132.   Defendant caused to be made or disseminated through California and the United States, through advertising, statements that were untrue or misleading, and which were known, or which by exercising reasonable care should have been known to Defendant, to be untrue and misleading to consumers and Plaintiff.

133.   Defendant violated section 17500 because the misrepresentations and omissions were material and likely to deceive a reasonable consumer.

134.   Plaintiff has suffered injury in fact, including losing money, as a result of Defendant's false advertising. As set forth in the allegations concerning Plaintiff, Plaintiff relied on the misrepresentations and/or omissions of Defendant.

135.   All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized conduct that is still perpetuated and repeated, both in California and nationwide.

136.   Plaintiff requests this Court enter such orders or judgments as may be necessary to enjoin Defendant from continuing their false advertising and to restore to Plaintiff and members of the Class any money Defendant acquired by unfair competition, and for such other relief set forth below.

**EIGHTH CAUSE OF ACTION**
FRAUD
ON BEHALF OF PLAINTIFF, THE NATIONWIDE CLASS
AND THE CALIFORNIA CLASS

137.   Plaintiff re-incorporates by reference all preceding paragraphs.

138.   Plaintiff brings this action on behalf of himself and both Classes. *See Mazza*, 666 F.3d 581. California law applies to all persons in both classes because the illegal behavior alleged herein—mislabeling and underfilling the Class Chocolates—takes place predominately or exclusively in California.

139.   Defendant affirmatively misrepresented and concealed material facts concerning the Class Chocolates.

140.   Defendant had a duty to disclose the accurate number of candies contained in the bags of Class Chocolates.

141.   Defendant affirmatively misrepresented and/or actively concealed material facts, in whole or in part, to induce Plaintiff and the Classes to purchase the Class Chocolates.

142.   Plaintiff and the Classes were unaware of these omitted material facts and would not have acted as they did had they known of the concealed and/or suppressed facts.

143.   Because of the concealment and/or suppression of the facts, Plaintiff and the Classes sustained damages in an amount to be determined at trial.

1

## **PRAYER**

Plaintiff prays for judgment against Defendants, on behalf of himself and the Class, as follows:

1. For an order certifying the class as described herein;

2. For compensatory damages according to proof where applicable;

3. For enhanced damages & civil penalties under California law;

4. For pre-judgment and post-judgment interest where allowable;

5. For costs of suit;

6. For injunctive relief, as described herein;

7. For restitution;

8. For punitive damages, where appropriate;

9. For reasonable attorneys' fees; and

10. For such other relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff requests a jury on all triable issues.

Respectfully submitted:

Dated:  October 12, 2017

**NICHOLAS & TOMASEVIC, LLP**

By:     */s/ Craig M. Nicholas*
        Craig M. Nicholas (SBN 178444)
        Alex Tomasevic (SBN 245598)
        David G. Greco (SBN 299635)
        225 Broadway, 19th Floor
        San Diego, CA 92101
        Telephone: (619) 325-0492
        Facsimile: (619) 325-0496
        Email: cnicholas@nicholaslaw.org
        Email: atomasevic@nicholaslaw.org
        Email: dgreco@nicholaslaw.org

        **LAGUARDIA LAW**
        Eric A. LaGuardia (SBN 272791)
        402 West Broadway, Suite 800
        San Diego, California 92101
        Tel: (619) 655-4322
        Fax: (619) 655-4344
        Email: eal@laguardialaw.com

        *Attorneys for Plaintiff*